Martin, J.
The jurisdiction of a justice of the peace in this State is inferior and limited, and to support a judgment of his court the record must show that it had obtained jurisdiction over the person of the defendant. It is otherwise as to courts of record of general jurisdiction. In favor of their jurisdiction presumptions are indulged which are not inconsistent with the record or where it is silent.
When the proceedings before the magistrate were had, the 14th section of the Justice’s Act (S. & C., 773) was in force. That section provides that the summons shall be served by delivering a certified copy to the defendant, or by leaving the same at his usual place of residence. The constable’s return was of service by reading. Some kinds of process issued by a justice may be served in this mode; but not a summons. The return is specific and excludes the idea of a service by copy; and as the record imports absolute verity it cannot be contradicted. The record is not silent as it wpuld be if no return had been made and there was no appearance or waiver.
In that contingency the judgment would be void because jurisdiction was not affirmatively disclosed. But the record speaks, and in saying what was done, shows that no service was in fact made. This would probably be fatal to the jurisdiction of a court of record. The principle is concisely stated in Freeman on Judgments, 125, thus:
“ If it appear that the process was served in a particular mode no other or different service can be presumed. To indulge such a presumption would be to contradict the record which imports absolute verity. When, therefore, the record shows that certain steps were taken to procure jurisdiction, and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction over the defendant.”
The case then is not one of defective service merely.
Had it been by copy accompanied by defects in the sum *287 mons or its copy the judgment might be voidable only. In such case the notice is of the statutory character. The defendant is notified of the pendency of the action and has an opportunity to appear and take advantage of the irregularity before or after judgment.
We are aware that objections of this class even when valid are generally technical and without real merit, and are sometimes made when the plaintiff has lost the ability by lapse of time or loss of testimony to maintain his right. And we are not unmindful of our duty to regard with great indulgence the proceedings of a justice. Yet it will be observed that the defendants here set up no equity and ask no relief. If that were the case other considerations might have weight. This action is at law, and as we take it we have no right to ignore a strict defense.
As to Neibarger’s subsequent acts of filing the receipt with the justice and procuring the exemption of property from sale, we are not advised of any principle that gives them the retro-active effect of vitalizing the void judgment. Nor is anything pleaded or shown in connection with them to estop him to deny the judgment.

Judgment affirmed.